IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WAGNER ENRIQUE LANON QUINTERO,

Petitioner,

OPINION AND ORDER

v.

26-cv-1073-wmc

WARDEN E. EMMERICH,

Respondent.

Petitioner Wagner Enrique Lanon Quintero is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford") who represents himself. He has filed an "emergency" petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is entitled to immediate release because he has been wrongly denied First Step Act time credits. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions filed under § 2241 through Rule 1(b), the court is required to preliminarily review and dismiss a habeas petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons explained below, the court will dismiss this action with prejudice because petitioner is plainly not entitled to the relief he seeks.

OPINION

Petitioner, who is a citizen of Ecuador, is presently incarcerated as the result of a federal conviction for conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). Petitioner

received a sentence of 120 months' imprisonment followed by 60 months of supervised release in that case. *See United States v. Wagner Enrique Lanon Quintero*, No. 8:19-CR-104 (M.D. Fla. July 22, 2019). His projected release date is June 23, 2027.

Petitioner contends that he would be entitled to immediate release if the BOP applied time credits to his sentence that he has earned under the First Step Act ("FSA"). The FSA permits qualified inmates who complete certain programs and activities to earn time credits for earlier transfer to prerelease custody or supervised release. 18 U.S.C. §§ 3632(d)(4)(A) and (C). Petitioner, however, is not qualified to apply these time credits to his sentence.

While he was incarcerated in 2024, Immigration and Customs Enforcement officials found petitioner inadmissible and issued an expedited order of removal against him under Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1). (Dkt. #1-1, at 8.) That order was cancelled on August 26, 2026. (Dkt. #1, at 5.) In its place, ICE issued a Final Administrative Removal Order against petitioner on September 8, 2026, as an alien convicted of an aggravated felony, making him deportable under Section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). (Dkt. #1-1, at 13.) As a result, petitioner is not eligible to have First Step Act time-credits apply to his sentence under the plain terms of 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits … if the prisoner is the subject of a final order of removal under any provision of the immigration laws").

While petitioner contends that he is entitled to apply FSA time credits earned before the final removal order was entered, that argument has been squarely rejected and is without merit. *See Altamirano v. Emmerich*, No. 25-3197, 2026 WL 3151996, at *1 (7th Cir. Oct. 21, 2026) (holding that regardless of his previous status a final removal order independently

rendered the petitioner "ineligible to apply time credits" under the plain language of 18 U.S.C. § 3632(d)(4)(E)(i)); *see also United States v. Al-Hakiem*, No. 22-20626, 2025 WL 1361467, at *3-4 (E.D. Mich. May 9, 2025) (collecting cases holding that BOP did not err in failing to apply FSA time credits earned before an order of removal was entered). Accordingly, the petition must be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Wagner Enrique Lanon Quintero (dkt. #1)is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 17th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge